UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DARRIUS WILSON.** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 CV 141 |
| | ) | |
| v. | ) | Judge Ellis |
| | ) | |
| **OFFICER ANTHONY DAVIS, STAR #10509;** | ) | Jury Demand |
| **BENNIE PARKER;** | ) | |
| **OFFICER OTIS HOSELY, STAR #18672;** | ) | |
| **SARGEANT TONY BROWN, STAR #916;** | ) | |
| **OFFICER BERNARD KELLY, STAR #5303;** | ) | |
| **OFFICER STEVEN WARD, STAR #7834;** | ) | |
| **OFFICER ANTHONY BROWN, STAR #17639;** | ) | |
| **OFFICER T. MARTIN, STAR #18614;** | ) | |
| Individually; | ) | |
| **THE CITY OF CHICAGO; and,** | ) | |
| **THE CHICAGO BOARD OF EDUCATION/** | ) | |
| **THE CHICAGO PUBLIC SCHOOLS** | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, DARRIUS WILSON, by and through his attorneys, Gregory E. Kulis and Associates, and in complaining against the Defendants, OFFICER ANTHONY DAVIS, STAR #10509; BENNIE PARKER; POLICE OFFICER OTIS HOSELY, STAR #18672; SARGEANT TONY BROWN, STAR #916; POLICE OFFICER BERNARD KELLY, STAR #5303; POLICE OFFICER STEVEN WARD, STAR #7834; OFFICER ANTHONY BROWN, STAR #17639; OFFICER T. MARTIN, STAR #18614, individually; THE CITY OF CHICAGO; and THE CHICAGO BOARD OF EDUCATION/THE CHICAGO PUBLIC SCHOOLS, as follows:

1

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

3. Venue is proper in this judicial court pursuant to 28 U.S.C. §1391 as the acts complained of arose in this district.

**PARTIES**

4. The Plaintiff, DARRIUS WILSON, is a United States citizen and permanent resident of the State of Illinois.

5. Defendants, OFFICER ANTHONY DAVIS, STAR #10509 (hereinafter "DAVIS"); OFFICER OTIS HOSELY, STAR #18672 (hereinafter "HOSELY"); SARGEANT TONY BROWN, STAR #916 (hereinafter "T. BROWN"); OFFICER BERNARD KELLY, STAR #5303 (hereinafter "KELLY"); POLICE OFFICER STEVEN WARD, STAR #7834 (hereinafter "WARD"); OFFICER ANTHONY BROWN, STAR #17639 (hereinafter "A. BROWN"), OFFICER T. MARTIN, STAR #18614 (hereinafter "MARTIN"), were at all relevant times duly appointed police officers of the Defendant, CITY OF CHICAGO, and at all relevant times acting within the scope of their employment and under color of law.

6. Defendant OFFICER ANTHONY DAVIS, STAR #10509, was also, at all relevant times, duly appointed security officer of the Defendant, CHICAGO BOARD OF EDUCATION/THE CHICAGO PUBLIC SCHOOLS, and at all relevant times acting within the

scope of his employment and under color of law.

7. Defendant, BENNIE PARKER (hereinafter "PARKER"), was at all relevant times also duly appointed security officer of the Defendant, CHICAGO BOARD OF EDUCATION/THE CHICAGO PUBLIC SCHOOLS, and at all relevant times acting within the scope of his employment and under color of law.

8. The Defendant, CITY OF CHICAGO (hereinafter "CITY"), was at all relevant times a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendants OFFICER ANTHONY DAVIS, STAR #10509; OFFICER OTIS HOSELY, STAR #18672; SARGEANT TONY BROWN, STAR #916; OFFICER BERNARD KELLY, STAR #5303; POLICE OFFICER STEVEN WARD, STAR #7834; OFFICER ANTHONY BROWN, STAR #17639; and OFFICER T. MARTIN, STAR #18614.

9. The Defendant, CHICAGO BOARD OF EDUCATION/THE CHICAGO PUBLIC SCHOOLS (hereinafter "BOARD"), was at all relevant times a publicly funded agency, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendants OFFICER ANTHONY DAVIS, STAR #10509 and BENNIE PARKER.

**STATEMENT OF FACTS**

10. On January 22, 2008, the Plaintiff, a high school student, arrived at his school, Wendell Phillips Academy High School, located at 244 East Pershing Road, in Chicago, Illinois.

11. The Plaintiff was not committing any crimes or breaking any laws.

12. The Plaintiff was carrying a Sony Play Station Portable ("PSP") game console in violation of the school rules.

13. All students are subjected to a search as they enter the school.

14. Defendant PARKER, who was providing security at school, frisked the Plaintiff as he entered the school.

15. Defendant PARKER detected the PSP in his jacket and recognized it as a PSP.

16. Defendant PARKER then decided the PSP was a gun and yelled out "Gun."

17. The Plaintiff had no gun.

18. The Plaintiff, then 16 years old, ran because he had been in trouble for having a PSP at school before in violation of the rules and he feared being disciplined.

19. Defendant PARKER and Defendant DAVIS, who also was providing security at the school, chased the Plaintiff as he ran out of the building.

20. The Plaintiff ran several blocks to the CTA elevated train station in the 300 block of East 43rd Street to go home.

21. The Plaintiff was purchasing a fare card at the CTA station when Defendant DAVIS approached and, without warning, shot the Plaintiff three times: twice in his back and once in the side of his torso.

22. Defendant DAVIS patted the Plaintiff down while the Plaintiff was on the ground bleeding.

23. The Plaintiff had no gun and no gun was near his fallen body.

24. Defendant DAVIS left the scene for approximately ten minutes.

25. In an effort to cover up this unlawful use of force and in an attempt to justify the shooting, one of the Defendants planted a gun at the scene to make it appear that the Plaintiff had a gun so Defendant DAVIS could provide false testimony that he shot the Plaintiff in self-defense.

26. Defendants HOSELY, T. BROWN, KELLY, WARD, A. BROWN, and MARTIN

arrived on the scene and intentionally mishandled forensic evidence, including the gun on the Plaintiff by one of the Defendants.

27. The Plaintiff was arrested.

## COUNT I – SECTION 1983 EXCESSIVE FORCE
## VERSUS DEFENDANT DAVIS

28. Plaintiff DARRIUS WILSON hereby re-alleges and incorporates the allegations of paragraphs 1-27 as his respective allegations of paragraph 28 of Count I as though fully forth herein.

29. The force used by Defendant DAVIS was unreasonable, unprovoked, unnecessary and excessive.

30. As a result of the actions Defendant DAVIS, the Plaintiff was injured and received hospital treatment and care.

31. Said actions and inactions of Defendant DAVIS were intentional, willful and wanton.

32. Said actions of Defendant DAVIS violated the Plaintiff's Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

33. As a direct and proximate consequence of said conduct of Defendant DAVIS, the Plaintiff, DARRIUS WILSON, suffered violations of his constitutional rights, physical injuries, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, the Plaintiff, DARRIUS WILSON, prays for judgment against the Defendant DAVIS, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in an amount in excess of Twenty-Five Thousand Dollars

($25,000.00) in punitive damages, plus attorneys' fees and costs.

## COUNT II – SECTION 1983 FALSE ARREST
## VERSUS DEFENDANTS DAVIS, HOSELY, T. BROWN,
## KELLY, WARD, A. BROWN, AND MARTIN

34. Plaintiff DARRIUS WILSON hereby re-alleges and incorporates the allegations of paragraphs 1-27 as his respective allegations of paragraphs 34 of Count II as though fully forth herein.

35. Without any just cause or probable cause, the Defendants DAVIS, HOSELY, T. BROWN, KELLY, WARD, A. BROWN and MARTIN arrested the Plaintiff and charged him with certain crimes.

36. The Plaintiff's arrest was in violation of the Fourth Amendment of U.S. Constitution.

37. The actions of the Defendants DAVIS, HOSELY, T. BROWN, KELLY, WARD, A. BROWN and MARTIN were intentional, willful, wanton and malicious.

38. As a direct and proximate consequence of said conduct of Defendants DAVIS, HOSELY, T. BROWN, KELLY, WARD, A. BROWN and MARTIN, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary damage, pain and suffering.

WHEREFORE, the Plaintiff, DARRIUS WILSON, prays for judgment against the Defendants DAVIS, HOSELY, T. BROWN, KELLY, WARD, A. BROWN and MARTIN in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in punitive damages from each Defendant, plus attorneys' fees and costs.

**COUNT III – SECTION 1983 CONSPIRACY
VERSUS DEFENDANTS DAVIS, PARKER, HOSELY, T. BROWN,
KELLY, WARD, A. BROWN, AND MARTIN**

39. Plaintiff DARRIUS WILSON hereby re-alleges and incorporates the allegations of paragraphs 1- 27 as his respective allegations of paragraphs 43 of Count IV as though fully forth herein.

40. The Defendants met and agreed to falsify information and evidence and to submit false criminal charges against the Plaintiff.

41. In so meeting and agreeing to falsify information and evidence and to submit false criminal charges against the Plaintiff, the Defendants conspired to violate the Plaintiff's constitutional rights pursuant to the Fourth and Fourteenth Amendments.

42. The actions of the Defendants were intentional, willful, wanton and malicious.

43. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary damage, pain and suffering.

WHEREFORE, the Plaintiff, DARRIUS WILSON, prays for judgment against the Defendants DAVIS, PARKER, HOSELY, T. BROWN, KELLY, WARD, A. BROWN, and MARTIN, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in punitive damages from each Defendant, plus attorneys' fees and costs.

**COUNT IV – MALICIOUS PROSECUTION**

4-43) The Plaintiff, DARRIUS WILSON, hereby realleges and incorporates his allegations of paragraphs 4-33 of Count I, paragraphs 34-38 of Count II, and paragraphs 39-43 of

7

Count III as his respective allegations of paragraphs 1-43 of Count IV though fully set forth herein.

44) Defendants P. DAVIS, PARKER, HOSELY, T. BROWN, KELLY, WARD, A. BROWN, and MARTIN charged the Plaintiff with aggravated unlawful use of a weapon, unlawful use of a weapon, and aggravated assault.

45) The Defendants proceeded with the prosecution of this case knowing the allegations were false.

46) The criminal matter was resolved in favor of the Plaintiff, DARRIUS WILSON.

47) As a result of the actions of the Defendants, the Plaintiff, DARRIUS WILSON, suffered emotional anxiety, fear, pain, suffering, monetary loss and expense and monetary loss and the loss of his freedom.

WHEREFORE, the Plaintiff, DARRIUS WILSON, prays for judgment against the Defendants P. DAVIS, PARKER, HOSELY, T. BROWN, KELLY, WARD, A. BROWN, and MARTIN, for reasonable compensatory damages, punitive damages, and costs.

### COUNT IV - INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102 VERSUS DEFENDANTS CITY OF CHICAGO AND CHICAGO BOARD OF EDUCATION/THE CHICAGO PUBLIC SCHOOLS

1-47) Plaintiff DARRIUS WILSON hereby re-alleges and incorporates the allegations of paragraphs 1 - 47 as his respective allegations of paragraph 1-47 of Count IV as though fully forth herein.

48. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

49. Defendants DAVIS, PARKER, HOSELY, T. BROWN, KELLY, WARD, A. BROWN, and MARTIN are or were employees of the CITY OF CHICAGO and/or THE CHICAGO BOARD OF EDUCATION/THE CHICAGO PUBLIC SCHOOLS, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should DAVIS, PARKER, HOSELY, T. BROWN, KELLY, WARD, A. BROWN, and MARTIN be found liable for the acts alleged above, Defendants CITY OF CHICAGO and THE CHICAGO BOARD OF EDUCATION/THE CHICAGO PUBLIC SCHOOLS would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, DARRIUS WILSON, requests a trial by jury.

Respectfully submitted,

/s/ Brian Orozco

Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830